### GAMMAGE v. INTERNATIONAL AGRICULTURAL CORPORATION.

(Circuit Court of Appeals, Fifth Circuit. October 18, 1920. Rehearing Denied November 8, 1920.)

No. 3488.

Master and servant ⚙═318(1)—Owner directing method of work by independent contractor liable as master.

    Where a contractor agreed to assume all liability for injuries to himself and his workmen doing the work, but the owner of the property refused to permit the work to be done in the manner selected by the contractor, and required the work to be done in a manner specially directed, and with a rope furnished by the owner, the relation of owner and independent contractor was changed to that of master and servant, so that the owner is liable for injuries to the contractor, received because of the defective condition of the rope.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action for personal injuries by C. R. Gammage against the International Agricultural Corporation. Judgment for defendant, sustaining a demurrer to the petition, and plaintiff brings error. Reversed.

J. E. Sheppard, of Americus, Ga. (W. T. Lane & Son and Shipp & Sheppard, all of Americus, Ga., on the brief), for plaintiff in error.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marion Smith, of Atlanta, Ga. (Miller & Jones, of Macon, Ga., and Little, Powell, Smith & Goldstein, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error was plaintiff below and sued to recover damages for personal injuries. He alleged in his petition that on July 2, 1917, he entered into a contract with defendant in error to paint the latter's building and to furnish the necessary tackle and equipment; that on the succeeding day he was proceeding in the usual way, with the necessary tackle and equipment, to perform the work agreed upon; that in doing the work he made use of a platform which was held by ropes, and that these ropes were fastened to steel hooks, which in turn rested on the top of the building; that one side of the building had been painted by the use of this equipment, and that as plaintiff and his employés were about to attach the hooks to the roof on the north side of the building, Parker, the superintendent of defendant, objected, and stated that he would not allow the hooks to be attached to the roof of the building, and directed that one of the hooks which held up the platform on which the painters worked should be attached to a beam extending out from the building, and that the other hook should be attached to a rope extending into the building; that plaintiff did not have a rope suitable for this purpose, whereupon Parker, for the defendant, furnished one which he stated was safe, and directed that it should be used; that in obedience to this requirement plaintiff used the rope so furnished, and which it is alleged was not sound, but had been exposed to sulphuric or other acids, and had become brittle and unsafe; that plaintiff was entirely ignorant of the effect of acids on ropes, and also ignorant of the fact that the rope had been so exposed; that from a casual examination the rope appeared to be sound; that Parker knew the rope had been exposed to the acids, but failed to inspect it, and recklessly directed its use. It was then alleged that the rope furnished by defendant broke while plaintiff and his employés were suspended by it a distance of about 80 feet from the ground; and that plaintiff was injured.

The contract between plaintiff and defendant contained a paragraph as follows:

"Party of the second part [plaintiff] agrees to assume all liability for injury to himself, his workmen, or damage to property."

Defendant filed a demurrer, which was sustained, and the petition dismissed. Plaintiff sued out writ of error.

The argument of defendant in error is to the effect that the release from liability is valid, except as against criminal negligence, unless it is prohibited by statute. It is then asserted that criminal negligence is not alleged, and that in Georgia there is no statutory prohibition against the release relied upon. These contentions need not be denied. However, it is our opinion that the petition alleges facts which changed the relation of owner and independent contractor to that of master and servant. Doubtless the defendant could have objected to the particular

method adopted by plaintiff, without effecting a change in the contract between them; but when it assumed to require the adoption of a particular method, to the exclusion of all others, that liberty of action which the independent contractor is entitled to assert ceased to exist, and the ordinary relation of master and servant was created.

The effect of this interference, as to Gammage's employé, Slappey, who was killed in the same accident in which Gammage was injured, was before this court in the case of International Agricultural Corporation v. Slappey, 261 Fed. 279, where the right of recovery was upheld. Of course, Gammage's case was not then before the court; but now that it is we quote with approval the following from the opinion by Judge Grubb in the Slappey Case:

"If the jury believed the plaintiff's evidence, they were authorized to find from it that Parker interfered with the means and method of doing the painting in a way that would establish the relation of employer and employés between the defendant and Gammage and his men, at least to the extent of the interference, and notwithstanding the terms of the written contract, and that to this interference the accident that killed decedent was traceable."

The judgment is therefore reversed.